UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL JACKSON,

        Plaintiff,

vs.                                        Case No. 8:04-CV-1648-T-27MSS

CHRISTOPHER KNIGHT, et al.,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants' motions for summary judgment (Dkts. 118, 120, 123 & 124). Plaintiff has not responded or has failed to respond by filing written memoranda, sworn affidavit(s) or other documents, materials or evidence in opposition to the motions in accordance with Rule 56 of the Federal Rules of Civil Procedure. Plaintiff is advised of the provisions of Rule 56 in accordance with *Johnson v. Pullman, Inc.*, 845 F. 2d 911 (11th Cir. 1988).

When a motion for summary judgment is filed and is supported by affidavits and/or other materials or documents, the party opposing the motion may not rely upon the mere allegations or denials of that party's pleadings to oppose or counter the motion for summary judgment. Pursuant to Rule 56, the party opposing the motion must respond with counter *sworn* affidavits and/or materials or documents in opposition to the motion, setting forth specific facts showing that there is a genuine issue of material fact in dispute which should be litigated at the trial.[1] If the opposing

---

[1] Opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

1

party does not respond to the motion for summary judgment or that party's response does not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true, that there is no genuine issue of material fact in dispute and summary judgment, if appropriate, shall be entered against the adverse party. In that event, if the applicable law allows, the party who filed the motion for summary judgment will be entitled to have the motion granted and final judgment entered in its favor based upon the pleadings, depositions, answers to interrogatories and answers to admissions filed along with the affidavits. In that event, there will be no trial and the case will be closed.

Accordingly, Plaintiff shall have until **Monday, August 14, 2006** to file any memoranda and/or materials or documents (i.e., sworn affidavits, deposition transcripts, interrogatory answers, admissions, etc.) in response to Defendants' motions for summary judgment. Thereafter, the motions for summary judgment will be taken under advisement by the Court and an order entered without further notice.

**DONE AND ORDERED** in Chambers this 2nd day of August, 2006.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record