**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CARL JACKSON,**

    **Plaintiff,**

v.                                                                  **CASE NO: 8:04-cv-1648-T-27MSS**

**COLONEL CHRISTOPHER
KNIGHT, et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** comes on for consideration of Defendant Bennie Holder's Motion to Enjoin Plaintiff From Direct Personal or Telephonic Communication with Counsel for Defendant Holder and his Office Staff (the "Motion"). (Dkt. 154) Defendant argues that this relief is appropriate because of instances of "verbal profanities," "obscene language," and "threatening statements" made by Plaintiff while in direct communication with counsel for Defendant. (Dkt. 154) No response has been filed by Plaintiff in this matter. After reviewing the respective positions of the parties, the Court **REPORTS and RECOMMENDS** that the Motion be **DENIED WITHOUT PREJUDICE**.

DISCUSSION

Plaintiff Carl Jackson is proceeding in this case as a *pro se* plaintiff. On August 22, 2006, Plaintiff called counsel for Defendant Holder and was informed by counsel's receptionist that counsel was unavailable to speak with Plaintiff. (Dkt. 154) In addition, counsel's receptionist indicated that Plaintiff should direct his future communication with counsel's office by way of written correspondence. (Dkt. 154) Upon being so informed, Plaintiff unleashed "verbal profanities," "obscene language," and "threatening statements" directed at counsel for Defendant Holder. Within minutes, Plaintiff placed another telephone call to counsel for Defendant Holder's office, immediately unleashing more of these types of statements directed at Defendant Holder's counsel.

Subsequently, on August 24, 2006, counsel for Defendant Christopher Knight filed an emergency motion for protective order to have a deposition held at this Courthouse (Dkt. 155). Defendant in that instance argued that Plaintiff had left a phone message verbally abusing counsel for Defendant Knight on August 23, 2006. In response to Defendant Knight's emergency motion, the Court held a telephone conference on September 11, 2006, to address where the deposition would take place.[1]

---

[1] The Court inadvertently held the emergency telephone conference with only Plaintiff and counsel of Defendant Knight and not with any other counsel.

As a part of the telephone conference held on September 11, 2006, Plaintiff was informed that the local rules of this Court prevent Plaintiff from making profane, obscene, and threatening statements to the parties in this matter. Further, Plaintiff was made aware that such statements also violated the law of this State and that such a violation could result in both civil and criminal penalties, as well as a dismissal of this case. Plaintiff admitted he understood and would refrain from making such statements to any of the parties in the matter.

Accordingly, the Undersigned **REPORTS and RECOMMENDS** that the Motion (Dkt. 154) be **DENIED WITHOUT PREJUDICE**. Plaintiff should be able to communicate personally and telephonically with counsel of Defendant Holder. However, Defendant Holder should notify the Court immediately if Plaintiff makes any obscene or threatening statements in the future. Plaintiff should also be aware that if the Court is notified of another instance in which such statements are made, he will be subject to penalties as the Court deems proper.

**DONE AND ORDERED** at Tampa, Florida, on this 19th day of September 2006.

MARY S. SCRIVEN
United States Magistrate Judge

**COPIES FURNISHED TO**:
Counsel of Record